## CHARLES W. TURRILL
### vs.
## GEORGE C. ERSKINE ET AL.

Superior Court     New Haven County     File No. 64754

MEMORANDUM FILED APRIL 24, 1944.

*Louis Feinmark,* of New Haven, for the Plaintiff.

*Harry L. Brooks,* Assistant Attorney General, for the Defendants.

McLAUGHLIN, J.   The plaintiff, by his amendment, alleges a gratuitous legal conclusion as to the inadequacy of appellate administrative procedure under the "Merit System Act", and further maintains the so-called Personnel Appeal Board is without power to revoke, modify, or alter the action of the appointing authority.

While the plaintiff implies and seeks the protection in part afforded by the "Merit System Act", he fails to allege on his part an effort to exhaust the remedies available to him as provided in section 427g of the 1943 Supplement to the General Statutes, but rather dismisses in peremptory fashion the expressed or unexpressed intendments and purposes of said section.

It may be that the Legislature in enacting section 427g of the 1943 Supplement to the General Statutes did not set forth in detailed and comprehensive language an outlined procedure of appeal, but that in itself does not nullify or destroy the plaintiff's right to an appeal and review by the Personnel Appeal Board.

"Every presumption is in favor of the validity of an act of the legislature, and all doubts are resolved in support of the act. . . .'courts always presume in the first place that the act is constitutional'." 1 *Lewis, Sutherland, Statutory Construction* (2nd ed. 1904) §82.

Because a statute can be better expressed does not give the court the right to nullify the statute if its is capable to discover the intent of the Legislature from the language therein.

Sections 417g and 427g were enacted for the purpose of according to an aggrieved employee in the classified service of the State a right of appeal to the Appeal Board.   Such Board is to decide whether or not a discharge by the appointing authority was justified, and if the Appeal Board passes upon such questions in a capricious, arbitrary or prejudicial manner, the aggrieved person may resort to the courts for relief.

The complaint as amended is still subject to successful attack

by demurrer and for the reasons herein stated, the demurrer to the complaint as amended is sustained.